UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE POWELL<br><br>Defendant. | Case No. 3:22-CR-00069-CCB-SJF<br>Related Case No: 3:26-CV-00810 |

# OPINION AND ORDER

On June 8, 2026, Lawrence Powell filed a Motion to Vacate under 28 U.S.C. § 2255 (ECF 67). Mr. Powell asks the Court either to adjust his sentence and allow him to appeal, to vacate his sentence and order resentencing, or to hold an evidentiary hearing to adjudicate the merits of his claims.

Mr. Powell is proceeding pro se, so his motion is construed "liberally." *Ebmeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The Court construes Mr. Powell's motion as being grounded upon six distinct claims, despite the fact that these grounds are listed under only three sections in the form.[1] Mr. Powell provides five grounds alleging he was deprived of the effective assistance of counsel in violation of his Sixth Amendment rights: (1) that his counsel for sentencing failed to properly advise him on his right to appeal, (2) that his counsel for

[1] Mr. Powell filed the instant motion using form AO 242 (Rev. 09/17), but it appears that although the form has only three places to indicate the grounds for the motion, he had several additional grounds to provide. (ECF 67). For this reason, he appears to have provided the grounds for one claim each in the first two spaces, but in the third space he provided four distinct grounds for the motion.

plea proceedings failed to explain the waiver clause in his plea agreement, (3) that neither his plea counsel nor his sentencing counsel proactively explained the impact that an intervening state criminal offense would have on his federal sentencing, (4) that his counsel for sentencing was unprepared to address the impact of a state court charge he received between pleading guilty and sentencing, and (5) that his counsel for sentencing failed to advise him to delay his guilty plea in state court until after his federal court sentencing. In addition to his ineffective assistance of counsel claims, Mr. Powell argues that the Direct Appeal and Collateral Attack waiver in his plea agreement violates the Due Process clause of the Fifth Amendment.

Based on the law, facts, and Mr. Powell's arguments, his Motion to Vacate will be denied on all grounds except for ineffective assistance of his sentencing counsel for failure to advise him that he could refrain from pleading guilty in state court until after his federal sentencing.

## I. Relevant Background

On July 26, 2022, federal investigators executed a warrant on Lawrence Powell's house on North Elmer Street in South Bend, Indiana. (ECF 29 at 4). In the main bedroom closet, they found a loaded Mossberg shotgun and a bag containing methamphetamine. (*Id.*). Two handguns were also located under the mattress in the same bedroom, and a smaller bag containing methamphetamine was found beneath a refrigerator in the garage. (*Id.*). A DEA lab later confirmed that the substances in the two bags contained a total of 854.88 grams of pure methamphetamine. (*Id.*). Mr. Powell was interviewed by federal investigators the day the warrant was executed and was subsequently arrested

and transported to the St. Joseph County Jail on an outstanding warrant for a state court criminal proceeding. (*Id.* at 5).

On June 21, 2024, Mr. Powell pleaded guilty to distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii). (ECF 21 at 3, ¶ 9). As part of his plea, he stated that his lawyer did "all that anyone could do to counsel and assist" him. (*Id.* at 6, ¶ 11). He also "expressly waive[d]" his right to appeal or contest all components of his sentence "on any ground other than a claim of ineffective assistance of counsel." (*Id.* at 5, ¶ 9). Additionally, he stated in the agreement that he and the government "agree that in recognition of [his] acceptance of responsibility for [his] offense conduct, [he] is entitled to a two-level reduction in offense level" and that "if [his] offense level is 16 or greater" the government would move at sentencing for an additional one-level reduction in offense level. (*Id.* at 5-6, ¶9). Mr. Powell also recognized, however, that "should . . . [he] engage in additional criminal conduct . . . the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility" and even if the government did ultimately recommend offense level reduction, that he "understand[s] the Court is not bound by this recommendation." (*Id.* at 6, ¶ 9).

According to the third addendum to the presentence investigation report, on January 25, 2025, while released awaiting sentencing for his federal charge, Mr. Powell was arrested and charged with felonies for Strangulation and Domestic Battery in St. Joseph Superior Court. (ECF 56 at 1). Two days later a Petition for Action on the

Conditions of Pretrial Release was filed, and the Court ordered the issuance of a warrant for his arrest. (*Id.*). Mr. Powell was arrested on the warrant on January 31, 2025, and on February 3, 2025, the Court ordered him to be held without bond pending sentencing. (*Id.*). Mr. Powell pleaded guilty on April 21, 2025, to the felony charge of Strangulation in St. Joseph Superior Court in cause number 71D02-2501-F6-86.

Mr. Powell was sentenced in federal court on May 19, 2025, to 210 months of imprisonment followed by four years of supervised release. (ECF 65). During his federal sentencing, the Court found that Mr. Powell's guilty plea to his Strangulation charge in state court precluded a reduction to his sentencing guidelines offense level for acceptance of responsibility that was contemplated in his plea agreement. (ECF 64). This resulted in a total offense level of 37, instead of the 34 that it would have been had he qualified for the reduction. (*Id.*).

## II. ANALYSIS

28 U.S.C. § 2255 permits a prisoner to seek relief from the court in which he was convicted on the grounds that his sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). The statute requires that this Court grant a prompt hearing on Mr. Powell's motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Relief under § 2255 is only available "in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Harris v. United*

*States*, 13 F. 4th 623, 627 (7th Cir. 2021) (quoting *United States v. Coleman*, 763 F.3d 706, 708 (7th Cir. 2014).

The Sixth Amendment guarantees every criminal defendant the right to "effective" assistance of counsel in their defense. *Buck v. Davis*, 580 U.S. 100, 118 (2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). But "effective" assistance encompasses a "wide range" of performance. *Anderson v. United States*, 94 F.4th 564, 581 (7th Cir. 2024). A party's lawyer was only ineffective if the lawyer's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. To successfully show ineffective assistance of counsel, a party must show two things: first, that "counsel's representation fell below an objective standard of reasonableness," and second, "that the deficiencies in counsel's performance were prejudicial to the defense." *Id.* at 687, 692. These two prongs of *Strickland* are often called the "performance" and "prejudice" prongs. *See, e.g.*, *United States v. Brooks*, No. 2:16-CR-180-JVB-JEM, 2024 WL 4625507, at *4 (N.D. Ind. Oct. 30, 2024). Failure to satisfy either prong is fatal to the party's claim. *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993).

*Strickland* demands a substantial showing before legal assistance is found to be ineffective. Courts will "strongly presume[]" that counsel's assistance was reasonable. *Jordan v. Hepp*, 831 F.3d 837, 846 (7th Cir. 2016) (quoting *Strickland*, 466 U.S. at 690). To successfully show otherwise, a party must overcome the presumption that the challenged conduct "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. And even if a party successfully satisfies the performance prong, the party still

must show prejudice. Counsel's departure from professional norms must have been so significant that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lee v. Galloway*, 106 F.4th 668, 673 (7th Cir. 2024).

**A. Appeal Waiver and Due Process**

Mr. Powell challenges the Direct Appeal and Collateral Attack waiver in his plea agreement "on its face and as applied" as a violation of his Fifth Amendment Due Process rights. (ECF 67 at 5). He argues, among other things, that it is "unfair," "over-broad," "illogical," and "inconsistent with basic contract principles." (*Id.*). In terms of the constitutionality of these waivers generally, this argument fails in light of Seventh Circuit precedent that has "routinely held" that waivers of the right to appeal and to raise collateral attacks under 28 U.S.C. § 2255 are generally enforceable. *See Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999) (collecting cases). These waivers only apply, however, to disputed appeals or collateral attacks that "fall within [their] scope." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *United States v. Chapa*, 602 F.3d 865, 868 (7th Cir. 2010)). The waiver in Mr. Powell's plea agreement explicitly allows challenges based on ineffective assistance of counsel. (ECF 21 at 5 ¶ 9). The only grounds Mr. Powell raises to challenge his sentence are ineffective assistance of counsel claims. (ECF 67). Therefore, Mr. Powell's general challenge to the waiver on Due Process grounds lacks consequence as to his instant motion, since the waiver does not apply to any of the five other grounds he raises in the motion. *See Keller*, 657 F.3d at 681.

### B. Failure to Advise on Appeal Waiver

Mr. Powell argues that his counsel during plea negotiations was ineffective in failing to advise him on the scope and impact of the Direct Appeal and Collateral Attack waiver in his plea agreement. (*Id.* at 7). He claims that if he had fully understood the waiver at the time, he would not have agreed to it. (*Id.*). Instead, Mr. Powell claims that, had he been fully informed, he "would have insisted on narrowing the sweep of the clause, changed the parameters or nature . . . of the agreement, or went [sic] to trial." (ECF 67 at 7). Although Mr. Powell suggests he might have gone to trial had he fully understood the scope of the waiver provision in his plea agreement, he also indicates that he still would have agreed to plead guilty if the waiver terms were narrower. (*Id.*). It is not clear from Mr. Powell's motion whether this argument challenges the validity of his entire plea agreement and underlying guilty plea or whether he seeks to challenge only the waiver provision in his plea agreement without contesting the agreement broadly or the guilty plea underlying it.

To the extent that this argument challenges the validity of his guilty plea generally, he has not alleged facts that could satisfy *Strickland*'s prejudice prong. *See* *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006). For ineffective assistance of counsel to undermine the validity of a plea agreement, a defendant must show "a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 717 (7th Cir. 2006). Here, Mr. Powell has not attempted to withdraw his guilty plea and has not alleged facts that establish a reasonable probability that he would have insisted

on proceeding to trial even if he had been fully informed on the waiver. (ECF 67) Instead, Mr. Powell has only alleged that, if he were more fully informed, he might have proceeded to trial or he might have agreed to a plea with a narrower waiver provision. (ECF 67). In other words, Mr. Powell has not sufficiently alleged that the failure to fully inform him prevented him from taking his case to trial and has only alleged that it deprived him of the opportunity to negotiate a plea agreement on more favorable terms.

To the extent that Mr. Powell seeks to invalidate the appeal waiver in his plea agreement without contesting his guilty plea or the rest of the terms of the agreement, this argument fails for two reasons. First, the Seventh Circuit has "long held that an appellate waiver stands or falls with the rest of the bargain." *United States v. Sakellarion*, 649 F.3d 634, 639 (7th Cir. 2011) (citing *United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002)) (internal quotes omitted). On these grounds, the Seventh Circuit has denied ineffective assistance of counsel claims that seek to invalidate an appeal waiver without seeking to withdraw the underlying guilty plea or contesting the validity of the entire plea agreement. *Id.* Therefore, Mr. Powell cannot successfully challenge his appeal waiver without contesting the entire plea agreement and underlying guilty plea. *See id.*

Second, even if he could contest the waiver without contesting the entire plea, Mr. Powell does not present any grounds for challenging his sentence or conviction that are within the scope of the waiver. (ECF 67; ECF 21 at 6, ¶ 9). Mr. Powell could not have been prejudiced by the decision to agree to a waiver that does not apply to any of the grounds under which he challenges his sentence. *Cf. Jones*, 167 F.3d at 1144 (affirming

dismissal in spite of allegedly involuntary waiver when petitioner failed to provide the grounds for the underlying challenge to which the waiver might apply).

Finally, beyond the legal deficiencies in this argument, its factual premise is contradicted by Mr. Powell's testimony throughout his criminal proceedings. During his change-of-plea hearing on July 8, 2024, Mr. Powell was asked if he understood that his plea agreement "expressly waive[d] [his] right to appeal or to contest" his conviction and sentence on "any ground other than ineffective assistance of counsel." When asked if he understood this, Mr. Powell responded affirmatively. Again, at his federal sentencing on May 19, 2025, Mr. Powell was told that "[i]n your plea agreement, you waived your right to appeal . . . [t]his means you cannot appeal your conviction or your sentence on any ground other than a claim of ineffective assistance of counsel" and again when asked whether he understood this, he responded "Yes." In light of these statements, Mr. Powell's "self-serving assertion" in the instant motion that he did not understand the waiver is contradicted by the record. *See United States v. Standiford*, 148 F.3d 864, 869 (7th Cir. 1998) (affirming district court decision to not credit "self-serving" ineffective assistance of counsel assertion contradicted by Fed. R. Crim. P. 11 colloquy). Therefore, he cannot credibly claim to have not been sufficiently informed about the breadth of the waiver provision in his plea agreement. *See id.*

### C. Failure to Advise on Appeal Rights

Mr. Powell also argues that his sentencing counsel was constitutionally ineffective for failing to inform him that he could appeal after sentencing in spite of the appeal waiver in his plea agreement. (ECF 67). Mr. Powell does not allege that he asked

his counsel to file an appeal but alleges that he would have insisted on a direct appeal if he had been informed that he could still appeal on certain grounds in spite of the waiver in his plea agreement. (*Id.*).

Whether Mr. Powell's counsel had a constitutional duty to consult with him about his appeal rights depends upon whether (1) a rational defendant in his circumstances would want to appeal, and (2) whether the defendant reasonably demonstrated that he was interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480. (2000). That Mr. Powell pleaded guilty is "a highly relevant factor in this inquiry," as is the fact that as part of his plea agreement he waived all appeal rights aside from those based upon ineffective assistance of counsel. *See id.* In light of the fact that the only available grounds for appeal were ineffective assistance of counsel, Mr. Powell's counsel could "hardly [have] be[en] expected to challenge on appeal his own effectiveness," especially without any indication of interest from Mr. Powell in appealing on such issues after he pleaded guilty. *See United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). As such, Mr. Powell cannot establish that his counsel's performance fell below an "objective standard of reasonableness" in failing to consult with him on the limited grounds for appeal that remained available despite the waiver in his plea agreement. *See Strickland*, 466 U.S. at 687.

**D. Failure to Advise on Sentencing Impact of State Offenses**

Mr. Powell further argues that neither his counsel during plea negotiations nor his counsel for sentencing informed him of the impact that continued criminal conduct after his guilty plea would have on his sentencing. (ECF 67 at 7). This claim fails for two

reasons. First, the factual premise of this argument is contradicted by Mr. Powell's signed plea agreement and the statements he made at his change of plea hearing. Second, Mr. Powell does not claim that he would have refrained from criminal conduct if he had been sufficiently informed, nor does the record permit such an inference.

Mr. Powell's plea agreement expressly provided that should he "engage in additional criminal conduct . . . the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility." (ECF 21 at 6, ¶ 9). Mr. Powell signed this plea agreement, acknowledging his agreement with all its terms. (*Id.*). As such, he is bound by its terms as he would be with any voluntarily assumed contractual obligation. *See United States v. Bowles* 405 F.3d 634, 636 (7th Cir. 2005). Furthermore, at Mr. Powell's change-of-plea hearing, the magistrate judge asked him if he had read the terms of his plea agreement, if he understood its terms, and if he discussed its terms with his counsel. He responded affirmatively to all three questions. Additionally, the Court asked if he understood that the Government's recommendations of acceptance of responsibility reductions were "contingent on continuing manifestation of acceptance of responsibility." Again, Mr. Powell responded affirmatively.

Mr. Powell was under no obligation to sign the plea agreement, or to tell the magistrate judge that he understood its terms. In fact, he affirmed to the magistrate that he was pleading guilty intentionally without coercion, and that he understood the terms of the plea agreement including those detailing potential sentencing consequences of

continued criminal conduct. Given these statements, Mr. Powell cannot credibly claim he was not informed that continued criminal conduct would impact his sentencing.

Even assuming he was not fully informed, Mr. Powell never claims that if he had been informed of the impact of continued criminal conduct on his sentence, he would have refrained from the conduct resulting in his arrest and conviction for Strangulation. (ECF 67). In his motion, Mr. Powell recognizes that he had been informed that additional criminal conduct before sentencing would result in revocation of his pre-sentencing release and could result in additional charges. (*Id* at 7). In light of his understanding of these consequences, the inference that being informed of additional consequences would have prevented Mr. Powell from engaging in further criminal conduct is unreasonable. Accordingly, Mr. Powell cannot establish that he was prejudiced by his counsels' alleged failure to inform him of the sentencing consequences of continued criminal conduct because he has not alleged facts showing a "reasonable probability" that the outcome of his sentencing would have been different had he been more fully informed. *See Strickland* 466 U.S. at 697.

**E. Failure to Present Mitigating Evidence at Sentencing**

Fourth, Mr. Powell argues that his counsel at sentencing was constitutionally ineffective for being "unprepared for . . . [his] state charge's effects on [his] federal sentence."(ECF 67 at 7). Mr. Powell asserts that his counsel failed to discuss the circumstances of the state charge with him, failed to contact the victim for a statement, and failed to pull police reports related to the state offense. (*Id.*). Mr. Powell argues that, if his counsel had done these things, he could have presented mitigating evidence that

would have provided context for the Court's consideration and that could have resulted in a lower sentence. (*Id.*). In determining whether counsel performed unreasonably in failing to present potentially mitigating evidence at sentencing, the proper inquiry is "whether the investigation supporting counsel's decision not to introduce mitigating evidence of [the defendant's] background was itself reasonable." *Wiggins v. Smith*, 539 U.S. 510, 522 (2003). "Strategic decisions made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

Here, the evidence that Mr. Powell alleges his counsel failed to investigate and present at sentencing involved the circumstances of his state court Strangulation conviction. (ECF 67 at 7). He argues that this evidence would have provided context to the state Strangulation offense that could have mitigated its impact on his federal sentencing. (*Id.*). At Mr. Powell's sentencing, the primary impact of his guilty plea to the state Strangulation charge was that it served as evidence of continued criminal conduct that precluded a three-point reduction to his guidelines offense level that he otherwise would have received for acceptance of responsibility. (*See* ECF 64). The Court expressly based this finding on the fact that his guilt as to the state offense was established by his guilty plea in state court. (*Id.*). Even assuming that additional evidence could have provided some context to the state Strangulation charge, it would not have changed the fact that he pleaded guilty to that charge, so there would still have been sufficient evidence of continued criminal conduct to disqualify him from receiving offense level reductions for acceptance of responsibility. (*Id.*). As such, the potential benefit of further

investigation into the circumstances of the state Strangulation charge was limited for sentencing purposes. (*Id.*). The decision to not investigate and present evidence that could have provided more context to his state offense "could reasonably be considered sound strategy" because such evidence could not have overcome the fact that his guilt as to that offense was established by his state court plea. *See Strickland*, 466 U.S. at 690. This suggests that the decision not to further investigate or present evidence related to his state Strangulation conviction was supported by "reasonable professional judgments." *See id.* at 690-91. This argument therefore fails to satisfy the performance prong of the *Strickland* test. *See id.*

**F. Failure to Advise on Sentencing Impact and Timing of State Guilty Plea**

Mr. Powell lastly argues that his sentencing counsel was constitutionally ineffective in failing to inform him of the consequences of pleading guilty to his state Strangulation charge before his federal sentencing. (ECF 67 at 8). Mr. Powell argues that by failing to advise him on the impact his guilty plea to the state charge would have, his counsel at sentencing denied him the opportunity to abstain from pleading guilty in state court until after his federal sentencing. (*Id.*). Mr. Powell alleges that he had "no pressing need to plead immediately" to the state charge and that he would have been able to defer his guilty plea in state court until after his federal sentencing without negatively impacting his state court proceedings. (*Id.*). While the Seventh Circuit has not yet clarified whether an attorney has a duty to advise his client regarding the consequences of pleading guilty to state charges prior to federal sentencing, at least one

other circuit has recognized that such an omission could rise to ineffective assistance of counsel. *See United States v. Cox*, 245 F.3d 126 (2nd Cir. 2001).

As to the "performance" prong of the *Strickland* test, the alleged failure to advise Mr. Powell as to the advantages of refraining from pleading guilty to his state charge until after his federal sentencing cannot be reasonably characterized as sound strategy. *See* 466 U.S. at 689. On February 3, 2025, Mr. Powell's sentencing counsel appeared at the detention hearing during which Mr. Powell's pretrial release was revoked as a result of his arrest on state charges. (ECF 52). Mr. Powell did not plead guilty in state court until two and a half months later on April 21, 2025. (ECF 61). Additionally, Mr. Powell's plea agreement indicated he was likely to receive offense level reductions for acceptance of responsibility absent strong contrary evidence including evidence of continued criminal conduct. Pleading guilty to a state court charge before federal sentencing establishes clear evidence of continued criminal conduct that is very likely to inform a court in denying offense level reductions for acceptance of responsibility. (ECF 21). Therefore, it appears that Mr. Powell's sentencing counsel was aware of the state charge before Mr. Powell pleaded guilty to it and that counsel likely had reason to know that pleading guilty to the state charge before Mr. Powell's federal sentencing could impact his guideline range. In light of these facts, the failure of counsel to advise Mr. Powell to refrain from pleading guilty in state court before his federal sentencing may satisfy the performance prong of the *Strickland* test.

As to the prejudice prong, the record appears to reflect a "reasonable probability" that the failure of Mr. Powell's counsel to advise him on the timing of his

state court guilty plea affected the outcome of his sentencing. (ECF 58; ECF 59 at 2; ECF 64). First, Mr. Powell's allegation that he had no pressing need to plead to the state charge immediately is crucial to the question of whether he could have been prejudiced by the alleged failure of counsel to advise him not to. If the timing of his guilty plea in state court had been determined by an expiring plea offer or some other deadline, he may not have had the opportunity to defer his state guilty plea until after his federal sentencing even if he had been more fully informed. Accordingly, Mr. Powell's allegation that he had no pressing need to plead guilty in state court when he did supports the premise that the timing of his state court guilty plea was influenced by his counsel's alleged failure to advise him as to the impact it would have on his sentencing.

Additionally, the record reflects a reasonable probability that the timing of Mr. Powell's guilty plea in state court affected the outcome of his sentencing. Sentencing memoranda from both the Government and Mr. Powell explicitly recognize his guilty plea to the state Strangulation offense as evidence establishing continued criminal conduct that would preclude the offense level reduction for acceptance of responsibility contemplated in his plea agreement. (ECF 58 at 2; ECF 59 at 2). The Court during sentencing reflected the same, finding that his plea of guilty to Strangulation was evidence contrary to acceptance of responsibility and that he no longer qualified for the offense level reductions. (ECF 64). Evidence of continued criminal conduct need not have resulted in a guilty plea or conviction to support denial of acceptance of responsibility reductions. *See United States v.* Sellers, 595 F.3d 791 (7th Cir. 2010). Here, however, independent evidence of Mr. Powell's continued criminal conduct is not

clearly present in the record, including in the presentence investigation report and sentencing memoranda. In fact, both parties and the Court expressly referred to his guilty plea in state court as the basis for determining he had engaged in continued criminal conduct. (ECF 64). Consequently, Mr. Powell was not granted offense level reductions for acceptance of responsibility, so his total sentencing guidelines offense level was 37 instead of 34. This resulted in a sentencing guidelines range of 210-262 months instead of 151-188 months had he been granted the reductions. Accordingly, Mr. Powell's Motion to Vacate alleges facts showing his sentencing may have been prejudiced by his counsel's failure to advise him to refrain from pleading guilty in state court until after his federal sentencing. *See Strickland* 466 U.S. at 697. Thus, Mr. Powell's Motion to Vacate could satisfy both prongs of *Strickland* on these grounds, so his motion and the record do not "conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b); *see also Strickland*, 466 U.S. at 694.

## III. CONCLUSION

For these reasons, all of Mr. Powell's claims are **DENIED** except for his ineffective assistance of counsel claim regarding his counsel's failure to advise him on the sentencing impacts of pleading guilty in state court prior to his sentencing. The Government is **ORDERED** to respond to this claim by September 17, 2026.

SO ORDERED on August 27, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT